## Commonwealth v. Smith
## Commonwealth v. Low

*Joseph C. Mesics,* for Commonwealth.

*James T. Reilly,* for petitioner.

MEYER, J., November 25, 1968.—Nelson E. Low was arrested on two charges, driving during suspension and corrupting the morals of a minor. On September 6, 1967, he was released on bail in the amount of $1,000 on which recognizance petitioner, C. G. Heller was surety. On September 15, 1967, defendant failed to appear when called and his bond was ordered forfeited. On October 1, 1967, he was returned to the Lebanon County Prison.

After a plea of guilty on December 8, 1967, Low was sentenced to pay the costs of prosecution, a fine of $100 and undergo imprisonment in the Lebanon County Prison, the minimum of which was one year, and the maximum of which was two years.

Petitioner paid the $1,000 to the court of quarter sessions, from which office it was paid over to the county commissioners of Lebanon County.

On March 1, 1968, petitioner in this action sought the recovery of his bail less $16.25 in sheriff's costs and court costs in the amount of $60.50.

In the same petition, petitioner seeks to recover the bail on which he was surety for Elbert H. Smith. In this case Smith was charged with robbery. He was released on bail in the amount of $2,500.

On December 1, 1967, Smith failed to appear and a bench warrant was issued for his arrest. His bond was forfeited. The amount of bail was subsequently paid to the court of quarter sessions and turned over to the county commissioners of Lebanon County.

Smith was arrested on January 4, 1967, and returned to the Lebanon County Prison. On January 5, 1967, he was sentenced to pay the costs of prosecution, a fine of $500, and be on probation for a period of five years.

We find no fault in asking in one petition for the return of bail in two separate and distinct cases. Petitioner, however, should have separated his claims into separate counts. Additionally, the petition should have been selfsustaining. The court should be able to rule upon the petition and evidence without independent inquiry into the records.

No briefs were filed, although petitioner's counsel filed a memorandum of law, to which was attached a copy of the type of recognizance signed by petitioner.

A hearing was fixed for April 15, 1968, at 4 p. m. Counsel for petitioner was present as was a representative of the district attorney. Petitioner failed to appear. Counsel for petitioner advised the court that he had notified petitioner of the time and place of hearing and that he had not heard from him.

On April 16, 1968, the court refused petitioner's requests for remission of the forfeited recognizances.

On April 30, 1968, petitioner filed another petition. This petition asked the court to reconsider its action of April 16, 1968, and alleged as a reason for reconsideration that petitioner was of the opinion, notwithstanding the communication from his attorney, that he need not appear in court because he had read an article in the Lebanon Daily News to the effect that the county was forced to give up the bail money that had been forfeited in these cases. Petitioner relied on the newspaper article rather than the advice of his counsel.

A hearing was granted and held. At the hearing petitioner testified as to some of the efforts which he made to secure the appearance of both Smith and Low. He said he made phone calls and contacted a constable to secure the arrest of the fugitives. His testimony was not convincing that any great effort was made to have either Smith or Low arrested and returned.

Petitioner is a professional bondsman. He is in the business of furnishing bail to persons for hire. He expects and should make a profit by doing so. He knows the hazards of his profession and by reason of the hazards, is paid a substantial percentage of the bail as a fee for acting as surety.

Petitioner admits, as he must, that the cases are in accord that it is within the discretion of the court to determine whether or not a forfeiture should be remitted.

The recognizance in each case was that defendant be, appear and abide the order of the court without default. Neither of the defendants appeared and neither of them have abided the order of the court with reference to the payments of their fines or their costs.

Counsel for petitioner has cited a recent opinion of Judge W. Hensel Brown of Lancaster which is not reported. Judge Brown is purported to have said that if defendants could not obtain bail the jails would become overcrowded and this would cost the county much more money than it normally would, because bondsmen would refuse to take any more risks if they suffered losses.

Judge Brown apparently granted a petition for the remission of bail. We do not know of the facts or surrounding circumstances of this case. Even if such reasoning is correctly reported, we are not in accord with it because under this theory any time a defendant did not appear but was later captured the surety would be entitled to have his bail returned, less any costs incurred by the Commonwealth in returning the prisoner.

President Judge Schaeffer of Lancaster County, in In Re Theveny's Bail, 84 D. & C. 90 (1952), enunciated the law which we adopt. He said, "The primary purpose of a recognizance in a criminal case is to se-

cure defendant's appearance in court to answer at the proper time the charge against him. If there would be no penalty for failure to appear there might be no necessity to require a bail bond. If such a discretionary power were not vested in the court a surety would not be inclined to make an effort to produce defendant. On the other hand, if a premium is paid to a surety it is in the nature of compensation for the risk undertaken. A valid reason or extenuating circumstances may exist whereby a remission or moderation of the recognizance is justified. Accordingly, each case should be considered on its own factual basis".

President Judge Sheely, of the Adams County Court, adopted the same reasoning in Commonwealth v. Ketchum, 25 D. & C. 2d 203 (1961). In this case defendant was never apprehended and died. On the date that defendant was to appear in the Adams County Court he was a patient in a State hospital for mental diseases. The indictment against him was nol prossed. Notwithstanding what appears to be a meritorious reason for nonappearance, Judge Sheely denied the petition to remit the forfeiture of the recognizance.

Petitioner in Low waited five and a half months after forfeiture to present his petition for remission. In Smith's case he delayed three months. When the hearing was set he failed to appear and asked to be excused because he believed a newspaper article rather than his attorney. There was expense and inconvenience because of this. It cost the county and the Commonwealth money to apprehend defendants over and above the extra expenses incurred.

Our experience would tell us that petitioner was paid a substantial fee by two defendants. Adopting petitioner's contention he would make a profit even though defendants did not appear and abide the order of the court. Petitioner knew or should have known

as a professional bondsman that when defendants, for whom he has gone surety, do not appear that the bonds would be forfeited.

However, because of some effort made by the bondsman to have both defendants returned to the jurisdiction of the court, we feel some concession may be made and that a portion of the bail should be remitted. We therefore make the following

ORDER

And now, to wit, November 25, 1968, for the foregoing reasons, the order of forfeiture of recognizance in Commonwealth of Pennsylvania v. Nelson E. Low is moderated and the sum of $500 is hereby remitted and ordered to be paid by the County Commissioners of Lebanon County to petitioner; and in the action of Commonwealth of Pennsylvania v. Elbert H. Smith, the order of forfeiture of recognizance is moderated and the sum of $1,250 is hereby remitted and ordered to be paid by the County Commissioners of Lebanon County to the petitioner.